**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| HENRY EMEKA AMADI,<br><br>Petitioner,<br><br>v.<br><br>MARK BOWEN, et al,<br><br>Respondents. | No. 5:25-cv-02772-SSS-BFM<br><br>**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records and files herein, the Magistrate Judge's Report and Recommendation, and the objections to the Report and Recommendation.

In this habeas challenge to immigration detention, the Report recommends the denial of the Petition and the dismissal of this action without prejudice. [Dkt. No. 29]. Petitioner's objections to the Report do not merit a different result.

Petitioner objects that the immigration judge ("IJ") who presided over his bond hearing, resulting in the denial of bond, was not the same IJ who authorized the Memorandum decision denying bond. [Dkt. No. 33 at 5, 26]. Petitioner is incorrect. A single IJ considered and denied Petitioner's request for bond at a hearing held on November 21, 2024, after finding that Petitioner

posed a danger to the community and was a flight risk.  [Dkt. No. 26-1 at 52-55].

Petitioner objects that the Report did not properly consider that the IJ minimized or ignored Petitioner's recent rehabilitative accomplishments. [Dkt. No. 33 at 6-9, 25].  The IJ found that Petitioner, who had recently been released from state prison after serving 23 years for attempted murder, posed a danger because "it is too difficult to predict the behavior that an individual will exhibit once they are out of that kind of institutional environment when they have been incarcerated for so long."  [Dkt. No. 26-1 at 53].  This finding was not an abuse of discretion.  *See Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (no abuse of discretion in an administrative finding that an immigration detainee with a conviction for distributing deadly drugs was a danger to the community, despite "rehabilitative efforts and recent compliance with the law").

Petitioner objects that the IJ erred in concluding that Petitioner did not have a viable claim for immigration relief under the Convention Against Torture ("CAT").  [Dkt. No. 33 at 9].  The IJ found that "getting deferral of removal under CAT is extremely difficult.  It is a very, very high standard to meet.  Because of the unlikelihood that he is going to be eligible for relief from removal, the court has to consider that he poses a flight risk."  [Dkt. No. 26-1 at 52-53].  This finding was not an abuse of discretion.  *See Kharis v. Sessions*, 2018 WL 5809432, at *9 (N.D. Cal. Nov. 6, 2018) (IJ's assessment of noncitizen's eligibility for relief from removal that is not an objective misstatement of the law would generally weigh in favor of a flight risk finding); *Pinto-Nunez v. Bondi,* 2026 WL 672770, at *3 (D. Md. Mar. 10, 2026) (noting that IJs may base a finding of flight risk upon an expectation that the form of relief from removal Petitioner will seek is likely to be denied). Moreover, the IJ made an alternative finding of dangerousness, which by itself

2

was legally sufficient to deny Petitioner's bond request.  *See Cuero v. Bondi, et al.*, 2026 WL 1584644, at *3 (E.D. Cal. June 2, 2026) ("[T]he Court concludes the Immigration Judge did not abuse his discretion in finding Petitioner was a danger and in denying bond.  Because an Immigration Judge may deny bond on a finding of either danger or flight risk, the Court need not address Petitioner's remaining arguments.").

Petitioner objects that the Report failed to properly consider that he has been detained for almost two years and minimized the significance of the length of his detention.  [Dkt. No. 33 at 15-16, 23-24].  On the contrary, the Report acknowledged that Petitioner's detention has been lengthy.  [Dkt. No. 29 at 7].  But at the same time, "by and large, the delays in proceedings are not attributable to Respondents."  [*Id.*]  Rather, Petitioner has been litigating his removal order, which included requests for continuances of his merits hearing.  [*Id.*]  "And here, Petitioner had a bond hearing and had an opportunity to show that his detention was not necessary.  He did not persuade the IJ that release was appropriate."  [*Id.*]

Petitioner objects that he should have been appointed counsel for this habeas action.  [Dkt. No. 33 at 19-20].  The Court agrees with the Magistrate Judge that the appointment of counsel was not warranted.  [Dkt. No. 10].  Petitioner "has been able to articulate his claim without the assistance of counsel, and nothing about the facts or the legal issues in his case is so complicated that counsel is required."  [*Id.*]

Petitioner objects that the Report did not recognize it is authorized to reasonably consider errors of laws and facts by the immigration judge.  [Dkt. No. 33 at 24-25].  On the contrary, the Report properly recognized that it may review whether the IJ applied the correct legal standard, but ultimately determined that there was nothing to conclude that the IJ was not actually applying the proper standard.  [Dkt. No. 29 at 9].

The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1.    The Report and Recommendation is accepted;

2.    The Petition is denied without prejudice;

3.    The motions to expedite and for preliminary relief (ECF 18 and 27) are denied as moot;

4.    Judgment shall be entered consistent with this Order; and

5.    The Court Clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED:  July 1, 2026

_____
HONORABLE SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE

4